---

In re COUNCIL OF FIRE DEPARTMENT OF VILLAGE OF HEMP-
STEAD et al.

(Supreme Court, Special Term, Nassau County.  January 31, 1910.)

1. CONTRACTS (§ 189*)—RIGHT TO TROPHIES DONATED—CONTESTS IN FIRE DE-
PARTMENTS.

Where a village fire department, governed by a council under Village Law (Laws 1908, c. 302) § 206, accepts a trophy to be contested for each year by the different fire companies, the one winning it three times to hold it for its own, and the P. Hose Company wins it twice, but the third time the council withdraws it from contest without right, the hose company cannot get title to the trophy by arranging and winning an unofficial contest in spite of the council's action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 812; Dec. Dig. § 189.*]

2. CONTRACTS (§ 189*)—RIGHT TO TROPHIES DONATED—CONTESTS IN FIRE DE-
PARTMENTS—RELIEF GRANTED.

In such case the council cannot compel the hose company to give up possession of the trophy, though it wrongfully had the third winning engraved thereon and claimed it as its own, since no one had a better right to it than it had.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 812; Dec. Dig. § 189.*]

Application for relief by the Council of the Fire Department of the Village of Hempstead and another against the Protection Hose Company. Application denied.

Maxson & Jones, for Fire Department.
Henry P. Keith, for Protection Hose Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CRANE, J.   The fire department of the village of Hempstead consists of five companies, one engine and one hook and ladder company, governed by a council under section 206 of the village law (chapter 302, Laws 1908); there being no separate fire commissioners.   This council consists of 13 members, 10 wardens and 3 engineers, who by virtue of the above section have the care, custody, and control of all property belonging to the fire department "and" the control and supervision of the members, officers, and employés of the department.   A majority of this council constitutes a quorum, and may make and prescribe by-laws for the proper management of the affairs and the disposition of the funds of the fire department, may call meetings of the members, and designate one or more days each year for public exercise, inspection, and review.

In the summer of 1907 Mr. W. S. Hofstra, a resident of the town of Hempstead and interested in the maintenance and efficiency of the department, donated a silver trophy to the fire department, to be contested for by any individual company, and to become the permanent property of the company winning it three times.   From his statements and the circumstances it is quite clear that he intended the contests to occur each year thereafter.   Under the above provisions this trophy was the property of the fire department for the purpose designated, to be controlled by and disposed of by the fire council.   This council accordingly appointed committees and arranged contests on Labor Day in 1907 and 1908; Protection Hose Company winning on both occasions.

The trophy, it seems, after the first victory, was turned over to Protection Hose Company, the winner, to be held until won three times; when it would become the property of the hose company, or until some other company had defeated the Protection Hose Company, or won in the yearly contest.   When 1909 came the council, for reason expressed, by a vote of 12 to 1 decided to withdraw the Hofstra trophy from the contest for that year, which action met with a protest from the Protection Hose Company; the latter arranging, in spite of the fire council's rules and orders, a competition with the Harper Hook & Ladder Company for the coming Labor Day.   It is stated in the affidavits by those favoring the Protection Hose Company that, when the contests took place, the rules and regulations of the department were followed; but what those were is not stated.

Clearly it was an unofficial affair.   However, the hose company claims the trophy as its property, counting this last match as the third winning.   The fire council should have arranged a contest for Labor Day, 1909.   The fact that some companies were not ready was no sufficient excuse.   The prize was offered so that the men would take interest enough to keep or to get ready.

But, not having planned a contest, what was the consequence? Could any company claim a default, or arrange a private race or contest?   I think not.   The fire council might have been mandamused to hold it, or the donor might have reclaimed his gift and bestowed it upon whom he pleased; but, neither of these things having been done, the trophy remains unwon for the third time, and the property of no one company.   It is yet to be competed for.

The donor gave it to the fire department on certain conditions, leaving it with the council to prepare contests, rules, and regulations. None other could do these things. Either they were done by the fire council or they remain undone. As the council withdrew the trophy in the third year, 1909, the third contest has never taken place. It follows that the fire council should at once arrange for the yearly contest for Mr. Hofstra's trophy, to take place at some convenient and seasonable time.

Having engraved their third victory upon the prize, it rests with the Protection Hose Company to make the prophecy come true and wipe out all bitterness by a splendid showing. A fair field and no favor is a spirit which should despise disputed silverware. Let no emblem adorn the halls of Protection Hose Company which does not demand the acknowledgment of every fair-minded man. What badge of honor is to be classed with well-deserved respect? Another contest; another victory; no more quarreling.

While the trophy does not belong yet to the hose company, and while the third official contest has not yet taken place, yet this motion cannot be granted, as the hose company has the right to hold the trophy, under the rules which seem to have been applied, until another victory has taken it away from them. If on the next official contest the standard be won by some other company, and the Protection Hose Company refuse to give up possession, then this application may be renewed, or the appropriate remedy sought.

Application denied, for reasons stated, but without cost.